IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:05-CR-174 |
| | § | |
| DAVID JOEL BARELA | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on May 26, 2017, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Andrew Williams.

David Joel Barela was sentenced on June 22, 2006, before The Honorable United States District Judge Richard A. Schell of the Eastern District of Texas after being found guilty of the offense of Conspiracy to Possess with Intent to Distribute or Dispense Methamphetamine - Count 1, a Class A felony; Possession with Intent to Distribute or Dispense Methamphetamine - Count 2, a Class A felony; and Felon in Possession of a Firearm - Count 3, a Class C felony. Count 1 and Count 2 carried a statutory maximum imprisonment term of life. Count 3 carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 30 and a criminal history category of IV, was 135 to 168 months. He was subsequently sentenced to 150 months imprisonment as to Counts 1 and 2 and 120 months as to Count 3, to be served concurrently, followed by an 8 year term of supervised release as to Counts 1 and 2, and a 3 year term of supervised release as to Count 3, all to run concurrently. Said terms of supervised release are subject to the standard conditions of release, plus special conditions to

include financial disclosure, credit restrictions, substance abuse testing and treatment, $6,000 fine, and a $300 special assessment. On July 1, 2015, pursuant to a motion filed by the Defendant under Title 18 U.S.C. § 3582(c)(2), the imprisonment sentence as to all counts was reduced to 120 months imprisonment to be served concurrently. On April 24, 2015, the conditions were modified to include a warrant less search. On October 30, 2015, David Joel Barela completed his period of imprisonment and began service of the supervision term.

On June 26, 2015, this case was reassigned to the Honorable Amos L. Mazzant, United States District Judge for the Eastern District of Texas.

On March 20, 2017, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt.128 Sealed]. The Petition asserted that Defendant violated seven (7) conditions of supervision, as follows: (1) Defendant shall refrain from any unlawful use of a controlled substance; (2) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (3) Defendant shall not illegally possess a controlled substance; (4) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (5) Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; (6) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; and (7) Defendant shall pay a $6,000 fine. Any amount remaining unpaid shall be paid on monthly basis at a rate of at least 10% of the Defendant's gross income.

The Petition alleges that Defendant committed the following acts: (1) and (2) Mr. Barela submitted a urine specimen which tested positive for methamphetamine and marijuana on February 14, 2017. He verbally admitted to said use, and advised he used on or about February 12, 2017. This specimen was also submitted to Alere Laboratory who confirmed said use. Mr. Barela was unable to provide a urine specimen during a home visit conducted on February 21, 2017. However, he verbally admitted to consuming marijuana and methamphetamine on February 20, 2017; (3) and (4) During a home visit conducted on February 21, 2017, the probation officer viewed a large bag containing marijuana on a bed in plain view in a bedroom. Mr. Barela's girlfriend admitted to the substance, and also advised there was additional marijuana and paraphernalia in the residence. Mr. Barela gave verbal consent for his residence to be searched, and as a result, the probation officer seized 5.1 ounces of marijuana, 17 syringes, 7 small bags containing marijuana and methamphetamine residue, 2 glass smoking pipes with marijuana and methamphetamine residue, 2 small marijuana cigarettes "roaches," and a small amount of methamphetamine. The offender verbally admitted all of the seized items belonged to him; (5) During a home visit on February 8, 2017, the offender was unable to provide a urine specimen. Due to this, he was instructed to report to the office on this same date before 5 p.m. Defendant failed to report as instructed; (6) On February 12, 2017, a business card was left on Mr. Barela's door to his residence with instructions to report to the U.S. Probation Office on February 13, 2017. However, the offender did not follow the instructions. Defendant did not report to the probation office until February 14, 2017; and (7) Defendant has failed to make a payment toward the fine for the months of October, November, and December 2016, as well as January, February, and March 2017. $1,982.69 balance remains unpaid.

Prior to the Government putting on its case, Defendant entered a plea of true to allegations one (1), two (2) and three (3) of the allegations in the Petition. Having considered the Petition and the plea of true to allegations one(1), two (2) and three (3) the Court finds that Defendant did violate his conditions of supervised release. The Government dismissed the remaining allegations. Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months, with a term of supervised release of four (4) years to follow. The existing mandatory and special conditions will be reimposed.

The Court also recommends that Defendant be housed in the Bureau of Prisons in the North Central Region, if available.

**SIGNED this 1st day of June, 2017.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE